```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAAH AHMED SHAHADI EL,

                    Plaintiff,
                                              ORDER
          -against-                           21-CV-2500(JS)(JMW)

SUFFOLK COUNTY POLICE DEPARTMENT,
7th Precinct; POLICE OFFICER HUGHES,
Shield #679919; POLICE OFFICER
CAMPBELL; POLICE OFFICER TEDESCO,
Shield #5936 or 946632; POLICE
OFFICER RIVERA, Shield #7111;
POLICE OFFICER TROTTI, Shield
# 6113; SUFFOLK COUNTY 1st DISTRICT
COURT; POLICE OFFICER RYAN, Shield
# 5805; POLICE OFFICER MIKE, also
known as MICHAEL; POLICE OFFICER
Shield #6881; POLICE OFFICER JURGENSEN,
Shield # 5883;

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Shaah Ahmed Shahadi El, pro se
                   c/o 26 Calverton Court
                   Calverton, New York 11933

For Defendants:    No appearances.
```

FILED CLERK
2:47 pm, Jan 13, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

SEYBERT, District Judge:

Presently before the Court is a December 28, 2022 filing (ECF No. 9) consisting of: (1) a Long Form Application to Proceed In Forma Pauperis ("IFP"), dated December 6, 2022, and signed by pro se plaintiff Shaah Ahmed Shahadi El ("Plaintiff") (hereafter the "L/F IFP Application") (see ECF No. 9); (2) a copy of Plaintiff's Complaint dated April 26, 2021 (see Ex. A, ECF No. 9-

1, attached to L/F IFP Application); and (3) a December 27, 2022 letter from Carol Benson, Plaintiff's mother (see Ex. B, ECF No. 9-2, attached to L/F IFP Application).  For the reasons that follow, requests made in the December 28, 2022 filing are GRANTED to the extent this case is RE-OPENED and the L/F IFP Application is APPROVED.

By way of brief background, with which the Court presumes Plaintiff's familiarity, Plaintiff commenced this action on May 4, 2021, but did not remit the filing fee or file an application to proceed in forma pauperis.  (See Complaint, ECF No. 1.) Accordingly, by Notice of Deficiency dated May 5, 2021, Plaintiff was instructed to either pay the required filing fee or complete and return an enclosed, short-form IFP application.  (See Deficiency Notice, ECF No. 2.)  Plaintiff timely filed the short-form IFP application.  (See ECF No. 6).

On July 13, 2021, the Court issued an Order denying Plaintiff's short-form IFP application without prejudice to seeking IFP status using the Court's long-form IFP application. (See July 13, 2021 Order, ECF No. 7.)  The basis for the Court's denial of the short-form IFP application was that Plaintiff "provided very little information," with "responses [that were] incomplete, unclear, and questionable," thereby rendering the

2

Court "unable to conclude that Plaintiff qualified to proceed IFP." (See id. at 2, 3.) Nonetheless, as stated, the Court provided Plaintiff the opportunity to submit a long-form IFP application. (See id. at 3.)

While he did not return a completed long-form IFP application, Plaintiff timely responded to the Court's July 13, 2021 Order with a letter stating he did not have the funds to pay the required filing fee and requesting five months to one year to gather evidence to prosecute his case. (See Pl.'s July 30, 2021 Letter Motion, ECF No. 8.) In response, the Court issued an electronic order stating:

> The Court has considered Plaintiff's July 30, 2021 pro se letter, filed with the Court on August 2, 2021 at ECF No. 8, (1) requesting five months to a year to gather evidence to prosecute his case, and (2) stating he has no funds to provide payment of the filing fee. The Court notes Plaintiff has not returned the IFP Long Form Application as directed by the Court in its July 13, 2021 Order. (See ECF No. 7.) In its discretion, the Court is granting Plaintiff's extension request to the extent it is administratively closing this case without prejudice to Plaintiff to seek its reopening; such request must be made no later than April 1, 2022. Plaintiff is **ON NOTICE:** If he timely requests this case be reopened, he simultaneously must either (1) pay the required filing fee or (2) submit the IFP Long Form Application, requesting permission to proceed in forma pauperis. If Plaintiff does not comply with this directive, the case will not be reopened.

(Aug. 4, 2021 Elec. ORDER (emphases in original).) Thereafter, the case was administratively closed. No timely motion was filed to reopen the case. (See Case Docket, in toto.)

Notwithstanding its ten-month tardiness, the Court liberally construes the December 28, 2022 filing as a motion to reopen Plaintiff's case.[1] See generally Erikson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (cleaned up)). That is, the Court deems Plaintiff's L/F IFP Application both as a request to reopen the case and to proceed without paying the filing fee. Moreover, given Second Circuit precedent instructing that administrative closure of cases should not be maintained where it will cause prejudice to a plaintiff, in this instance, the Court considers the L/F IFP Application despite its clear and significant tardiness. See Rodriguez v. Gusman, 974 F.3d 108, 112 (2d Cir. 2020) ("We hold that . . . alternatives [to administrative closure of a case] must

---

[1] In conjunction with its liberal construction of the December 28, 2022 filing, the Court views Ms. Benson's letter simply as a transmittal letter. Indeed, there is no indication in said letter that Ms. Benson is an attorney. To the extent Ms. Benson seeks relief from this Court on behalf of her son, Plaintiff, "[i]t is well settled that a person who is not an attorney may not represent another person in federal court." Peters v. New York State, No. 22-CV-6373, 2022 WL 16700292, at *3 (W.D.N.Y. Nov. 2, 2022). Compare 28 U.S.C. § 1654 (providing a pro se plaintiff "may plead and conduct [his] own cases personally or by counsel").

be virtually impossible, or so impractical as to significantly interfere with the operations of the district court or impose an unreasonable burden on the party opposing the plaintiff's claim, in order to justify an administrative closure."); see also id. at 113 ("Our holding limits district courts' ability to administratively close a case as a matter of convenience in light of the countervailing prejudice to plaintiffs, but it does not bar administrative closure when appropriate.").  Hence, despite the blatant tardiness of the L/F IFP Application, based upon the procedural posture of this case and because it would be prejudicial to Plaintiff to maintain the administrative closure of this case, the Court orders the case be RE-OPENED.[2]

As to Plaintiff's December 2022 L/F IFP Application, in response to nearly every Application question, Plaintiff has written "N/A".  (See L/F IFP Application, generally.)  The only variant in Plaintiff's response is to Item 11, which directs the applicant to "[p]rovide any other information that will help explain why [the applicant] cannot pay the costs of these

---

[2]  The re-opening of this case in no way is meant to condone Plaintiff's gross untimeliness. Rather, **Plaintiff is ON NOTICE**: Absent good cause shown, any future untimely filings will not be tolerated and may subject Plaintiff to sanctions, up to and including dismissal of this action for failure to comply with a Court order and/or the deemed waiver of his claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5

proceedings." As to that prompt, Plaintiff states, "No source of income." (Id. at ¶ 11.) Plaintiff's Item 11 Response is not surprising as it has come to the Court's attention that Plaintiff is "currently incarcerated at Rikers Island." (Dec. 27, 2022 Transmittal Letter, ECF No. 9-2.) In sum, having reviewed his financial status and the case record, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's L/F IFP Application is APPROVED.

At this juncture, no further action is required by Plaintiff; his Complaint will be reviewed pursuant 28 U.S.C. § 1915A, which requires federal district courts to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See Prison Litigation Reform Act, 28 U.S.C. § 1915A(a).

Accordingly, **IT IS HEREBY ORDERED** that the December 28, 2022 filing (ECF No. 9) is **GRANTED** such that this case is **RE-OPENED** and Plaintiff's L/F IFP Application is **APPROVED**;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith; therefore, IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369

6

U.S. 438, 444-45 (1962).

                                      **SO ORDERED.**

                                    /s/ JOANNA SEYBERT
                                  Joanna Seybert, U.S.D.J.

Dated: January 13, 2023
       Central Islip, New York