```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAAH AHMED SHAHADI EL,

                    Plaintiff,
                                              ORDER
            -against-                         21-CV-2500(JS)(JMW)

SUFFOLK COUNTY POLICE DEPARTMENT,
7th Precinct; POLICE OFFICER
HUGHES, Shield #679919; POLICE
OFFICER CAMPBELL; POLICE OFFICER
TEDESCO, Shield #5936 or 946632;
POLICE OFFICER RIVERA, Shield
#7111; POLICE OFFICER TROTTI,
Shield # 6113; SUFFOLK COUNTY 1st
DISTRICT COURT; POLICE OFFICER RYAN,
Shield # 5805; POLICE OFFICER MIKE,
also known as MICHAEL, Shield #
[Unknown]; POLICE OFFICER Shield
#6881; POLICE OFFICER JURGENSEN,
Shield # 5883;

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Shaah Ahmed Shahadi El, pro se
                    c/o 26 Calverton Court
                    Calverton, New York 11933

For Defendants:     No appearances.
```

SEYBERT, District Judge:

By Order dated January 13, 2023, the Court re-opened this case and granted the renewed application to proceed in forma

pauperis[1] ("IFP") filed by pro se plaintiff Shaah Ahmed Shahadi El ("Plaintiff").  (See ECF No. 10.)  Upon review in accordance with the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a), for the reasons that follow, Plaintiff has failed to state a claim for relief and his Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT.

## BACKGROUND

Plaintiff's sparse Complaint is submitted on the Court's general complaint form and names the Suffolk County Police Department, 7th Precinct (the "Department"); Police Officer Hughes, Shield #679919 ("P.O. Hughes"); Police Officer Campbell ("P.O. Campbell"), Police Officer Tedesco, Shield #5936 or 946632 ("P.O. Tedesco"); Police Officer Rivera, Shield #7111 ("P.O. Rivera"); Police Officer Trotti, Shield # 6113 ("P.O. Trotti"); Suffolk County 1st District Court ("District Court"); Police

---

[1] Notwithstanding the fact that Plaintiff's request to reopen and his renewed application to proceed IFP were filed some ten months after the deadline set by the Court, in an abundance of caution and in light of Plaintiff's incarceration and pro se status, the Court accepted the untimely submissions.  (See ECF No. 10.)  As was made clear in the Order and as is repeated here: **Plaintiff is ON NOTICE:** Absent good cause shown, any future untimely filings will not be tolerated and may subject Plaintiff to sanctions, up to and including dismissal of this action for failure to comply with a Court order and/or the deemed waiver of his claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."  (Id. at 5 n.2) (emphasis added).

2

Officer Ryan, Shield #5805 ("P.O. Ryan"); Police Officer Mike, also known as Michael, Shield # [Unknown] ("P.O. Mike"); Police Officer [Doe], Shield #6881 ("P.O. Doe"); Police Officer Jurgensen, Shield # 5883 ("P.O. Jurgensen" and collectively, "Defendants"). (Compl., ECF No. 1, at 1-8.) Plaintiff seeks to invoke this Court's federal question subject matter jurisdiction, (id. ¶ II), and, in the space on the form Complaint that asks for the "specific federal statutes, federal treaties, and or provisions of the United States Constitution that are at issue in this case", Plaintiff wrote:[2]

> Instrument # 2021020192 Treaty of Peace and Friendship (Treaty of Amity and Commerce) 1786, 1878, 1861. Universal Declaration of Human Rights – United Nations. Free Moorish American Zodiac Constitution (Zodiac Constitution and Birthrights of the Moorish American) being Ali, Bey, El, Dey and Al Article 2, Paragraph 2. United States Supreme Court Supreme Law – Acts of State. Declaration of Rights of Indigenous People – United Nations.

(Id. ¶ II.A.)[3]  In the space on the form Complaint that asks for "a short and plain statement of the claim" Plaintiff alleges in its entirety, the following:

---

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[3] Plaintiff's sparse allegations include Moorish sovereign citizen movement jargon. (See Compl., in toto.) "The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore

3

> (See attached fee schedules)  Both defendants Hughes and defendant Campbell committed genocide and treason. Defendants Hughes and Campbell committed bodily harm and kidnapping against me on the date of Mar. 13th, 2021. Missing watch "Hidden Hills" serial number HH20CA011242.[4]

(Compl., ¶ III.)  Where prompted to "state briefly and precisely what damages or other relief" is sought, Plaintiff responded "see attached fee schedules, photos and statements[,] foil report, traffic tickets".[5]  (Id. ¶ III.)  However, in the space that asks for the "Amount in Controversy" Plaintiff wrote that he:

> Requests and demands for personal information directed toward Les Than Moore, shall be accepted subject to the schedule of fees in addition to any other applicable schedule.  All parties contracting agree to be held liable in their complete corporate and individual and/or private capacity for the encroachment, notwithstanding any potential claim of criminal activity resulting from threat, duress or coercion where evidence of such activity exists. 2021020192 Instrument #.

(Id. ¶ II. B. 3.)

[Main text continued on next page.]

---

have no authority to regulate their behavior." United States v. Ulloa, 511 F. App'x 105, 107 (2d Cir. 2013) (summary order).

[4]  There are no attachments, fee schedules or otherwise, included with the Complaint.

[5]  No attachments were filed with the Court when Plaintiff originally filed the Complaint on May 4, 2021 or when it was resubmitted on December 28, 2022.  (See ECF Nos. 1, 9.)

DISCUSSION

I. Legal Standards

   A. Consideration of the Complaint Under 28 U.S.C. §§ 1915, 1915A

Section 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, the complaint must plead sufficient facts to "state a claim to relief that is

5

plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 557). Further, a pleading that only "tenders naked assertion[s] devoid of further factual enhancement" will not suffice. Id. at 678 (internal quotation marks and citation omitted). Consequently, a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Tawfik v. Georgatos, No. 20-CV-5832, 2021 WL 2953227, at *2 (E.D.N.Y. July 14, 2021) (Seybert, J.).

B. Application

As is readily apparent, Plaintiff's Complaint is incoherent and difficult to decipher. As a threshold matter, the

6

cited authorities[6] upon which Plaintiff relies to invoke this Court's subject matter jurisdiction do not provide a cause of action. See Ali v. Wuchte, No. 22-CV-01532, 2022 WL 3708844, at *3 (E.D.N.Y. Aug. 25, 2022) ("Plaintiff brings this action pursuant to the United Nations Declaration of Rights on Indigenous People and the 1787 Moroccan-American Treaty of Peace and Friendship ("Treaty of Peace and Friendship") . . . . However, neither the United Nations Declaration nor the Treaty of Peace and Friendship to which Plaintiff refers provide a basis for relief.") (citing Powell v. N.Y.S. Dep't of Educ., No. 18-CV-7022, 2022 WL 900605, at *5-8 (E.D.N.Y. Mar. 28, 2022) (holding that "neither the United Declaration on the Rights of Indigenous Peoples and Treaties of Peace and Friendship of 1787 and 1836 give rise to any causes of action")); Bey v. Furman, No. 21-CV-4090, 2021 WL 3725987, at *2 (E.D.N.Y. Aug. 23, 2021) (holding that the Treaty of Peace and Friendship does not provide a basis in law for plaintiff's legal claim); New York v. Vidal-Bey ex rel. Jones-Rogers, No. 22-CV-3529, 2022 WL 3867751, at *2 (E.D.N.Y. Aug. 30, 2022) ("[T]he

---

[6] Plaintiff cites the "Treaty of Peace and Friendship (Treaty of Amity and Commerce) 1786, 1787, 1861," the "Universal Declaration of Human Rights – United Nations", the "Free Moorish American Zodiac Constitution", and the "Declaration of Rights of Indigenous People." (Compl. ¶ II.A.)

7

Treaty of Peace and Friendship does not provide a basis for the Court's jurisdiction.").

Yet, in light of Plaintiff's pro se status and in an abundance of caution, the Court has considered Plaintiff's Complaint, liberally construing it. Upon such liberal construction and review, however, the Court finds no plausible claim is alleged. Rather, insofar as Plaintiff purports to allege a federal due process claim pursuant to 42 U.S.C. § 1983 in connection with a "missing watch", his sparse allegation does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Indeed, Rule 8 requires, at a minimum, that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

Moreover, it is well-established that the federal courts do not recognize a claim for deprivation of property if the state courts provide a remedy for the deprivation of that property. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Marino v. Ameruso, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). "[T]he availability of an action in the Court of Claims provides [an] adequate post-deprivation remedy for prisoners who claim deprivation of personal property by prison officials." Jones v. Harris, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009) (describing procedure available to state prisoners); see also Little v. Mun.

8

Corp., 51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014) (New York state law provides pretrial detainees with an adequate post-deprivation remedy, as stated in Section 9 of the Court of Claims Act). Further, Plaintiff has not included any facts suggesting that his available state remedies are in any way inadequate. See Pena-Sanchez v. N.Y. City, No. 22-CV-4942, 2022 WL 2954367, at *4 (S.D.N.Y. July 26, 2022) (dismissing deprivation of property claim where plaintiff did not "allege facts demonstrating that his available state remedies are in any way inadequate").

In the absence of any factual allegations concerning the allegedly "missing watch", Plaintiff has not shown an entitlement to relief. Thus, the Complaint fails to state a claim upon which relief may be granted and is, as a matter of law, frivolous.[7] Accordingly, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1), the Complaint is DISMISSED WITHOUT PREJUDICE.

## II. State Law Claims

Given the dismissal of Plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction over any state law claims and dismisses them without prejudice. See 28

---

[7] As set forth above (see supra at 5), an action is deemed frivolous as a matter of law when, inter alia, it "lacks an arguable basis in law . . . ." Livingston, 141 F.3d at 437. Here, for the reasons set forth above, the Complaint lacks an arguable basis in law, thereby making it frivolous.

9

U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims."). Plaintiff may pursue any valid state law claim, including a deprivation of property claim, in state court.

II. Leave to Amend

In concert with Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted in this instance. Finding such leave is warranted, **Plaintiff is GRANTED leave to file an Amended Complaint in accordance with the Federal Rules of Civil Procedure and the guidance set forth herein within 30 days from the date of this Order.** Any Amended Complaint must be clearly labeled "Amended Complaint" and shall bear the same Docket Number as this Order, No. 21-CV-2500(JS)(JMW). Further, because the Amended Complaint

10

will completely replace the original Complaint, it must include all factual allegations and claims that Plaintiff seeks to pursue in this case.

**PLAINTIFF IS WARNED**: **If he does not file an Amended Complaint within 30 days from the date of this Order, judgment will enter and this case will be closed without further notice.**

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1); and

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT, in accordance with the guidance set forth above, within 30 days from the date of this Order. Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear the same case number as identified in this Order, No. 22-CV-2500(JS)(JMW). **Plaintiff is WARNED**: If he does not file an Amended Complaint within 30 days from the date of this Order, judgment will enter and this case will be closed; and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the pro se Plaintiff at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 12, 2023
 Central Islip, New York